**POLSINELLI LLP**
TISH R. PICKETT (SBN: 331089)
tpickett@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

MARK A. OLTHOFF (MO: 38572)
(*Pro Hac Vice Forthcoming*)
molthoff@polsinelli.com
900 W. 48th Place Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536

SHUNDRA C. MANNING (TN: 036776)
(*Pro Hac Vice Forthcoming*)
scmanning@polsinelli.com
501 Commerce Street, Suite 1300
Nashville, TN 37203
Telephone: (615) 259-1510
Facsimile: (615) 658-9647

*Attorneys for Defendant La Clínica de La Raza, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE ROBERTSON, as parent for minor child S.R., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LA CLINICA DE LA RAZA, INC.,<br><br>Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1442, 2679(D)(2) AND 42 U.S.C. § 233(*l*)(2)**<br><br>[Federal Question Jurisdiction/Federal Defendant]<br><br>Superior Court Case No.: 23CV044258<br><br>Complaint Filed:     September 18, 2023<br>Trial Date:             None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1442, 2679(d)(2), and 42 U.S.C. § 233(*l*)(2), and on the grounds set forth below, Defendant La Clínica de La Raza, Inc. ("La

1
NOTICE OF REMOVAL OF ACTION

Clínica") hereby removes the above-captioned action, styled *Michelle Robertson, as parent for minor child S.R., individually, and on behalf of all others similarly situated v. La Clínica de La Raza, Inc.*, Case No. 23CV044258 from the Superior Court of the State of California for the County of Alameda to this Court. La Clínica states the following in support of this Notice of Removal.

## BACKGROUND

1. On September 18, 2023, Michelle Robertson, as parent for minor child S.R. individually, and on behalf of all other similarly situated, ("Plaintiff") commenced the above-referenced action in the Superior Court of the State of California for the County of Alameda (the "Superior Court") by filing a Complaint against La Clínica (the "State Court Action"). A copy of all process, pleadings, orders, and other documents currently on file in the state court (collectively, the "State Court File") is attached hereto as **Exhibit 1**.

2. La Clínica is a community health center that provides multi-lingual, accessible full-scope health care services in Alameda County, Contra Costa County, and Solana County, no matter a patient's income level or insurance status. La Clínica is a federal grant recipient (Grant No. H80CS00631), and a "deemed entity" pursuant to 42 U.S.C. § 233(g). A copy of the "Deeming Notice" issued by the Health Resources and Services Administration ("HRSA") is attached as **Exhibit 2** ("Deeming Notice").

3. At all times relevant to the allegations in the Complaint, including the period January 1, 2023 through December 31, 2023, the Secretary of the U.S. Department of Health and Human Services ("HHS") deemed La Clínica and its officers, governing board members, employees, and contractors as U.S. Public Health Service ("PHS") "employees" under 42 U.S.C. § 233(a). (*See* Ex. 2.) "Deeming" status under 42 U.S.C. § 233 provides the deemed entity with absolute immunity "for damage for personal injury, including death, *resulting from the performance of medical, surgical, dental, or related functions*[.]" 42 U.S.C. § 233(a) (emphasis added).

4. As explained more fully below, La Clínica is entitled to removal under three separate grounds. First, the immunity from suit provided by 42 U.S.C. § 233(a) applies to the State Court Action and La Clínica is entitled to removal under 42 U.S.C. § 233(*l*). Second, this court also has jurisdiction under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), because La Clínica

is an officer, or a person acting under an officer of the United States or an agency thereof. Third, this case is removable under 28 U.S.C. § 1331 because plaintiff's right to relief depends on resolution of a substantial question of federal law.

**STATEMENT OF JURISDICTION**

**A.    Public Health Service Act Removal, 42 U.S.C. § 233(*l*)**

5.    The Court has jurisdiction under 42 U.S.C. § 233(*l*), a removal statute enacted specifically for the benefit of deemed PHS employees like La Clínica. A federally funded community health center facing a state court suit asserting claims that fall under the Federal Tort Claims Act ("FTCA") through the Federally Supported Health Centers Assistance Act ("FSHCAA") must notify the appropriate agency – in this case, HHS – of the filing of the action and provide a copy of the relevant pleadings. *See* 42 U.S.C. § 233(b); 28 C.F.R. § 15.2. The agency is then directed to notify the United States Attorney for the district embracing the court in which the lawsuit was filed. 28 C.F.R. § 15.2. "[T]he Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such [health center] is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 U.S.C. § 233(*l*)(1). If the Attorney General fails to appear in state court within 15 days after being notified of such a filing, "the civil action or proceeding shall be removed to the appropriate United States district court." 42 U.S.C. § 233(*l*)(2).

**B.    Federal Officer Removal, 28 U.S.C. § 1442(a)(1)**

6.    This court also has jurisdiction under the Federal Officer Removal statute. The Federal Officer Removal statute affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) ("the federal-question element is met if the defense depends on federal law"); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded

complaint" rule).

7. "Unlike removal pursuant to 28 U.S.C. § 1441, the Supreme Court has 'mandated a generous interpretation of the federal officer removal statute.'" *Cratin v. Sandiford*, Case No. 14-CV-03374-LHK, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27, 2014) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). "The right of removal under § 1442 is 'absolute,' and the Court must interpret § 1442 'broadly in favor of removal.'" *Cratin*, 2014 WL 5454691, at *2 (*quoting Durham*, 445 F.3d at 1252). "[T]he removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense." *Kruse v. Actuant Corp.*, Case No. 2:19-cv-09540-ODW (RAOx), 2020 WL 3287883, at *3 (C.D. Cal. June 18, 2020). In other words, "[t]he party seeking removal 'need not win his case before he can have it removed.'" *Id*.

8. Pursuant to 42 U.S.C. § 1442(a)(1), La Clínica is an officer, or a person acting under a federal officer. When broadly construed, as required, the phrase "any officer" in Section 1442 can be read to include La Clínica as it is "deemed to be an employee of the Public Health Service" under a federal statute that not only affords La Clínica a federal immunity defense, but affords an additional removal right as well.

9. In the alternative of finding that La Clínica is a qualifying federal officer under 42 U.S.C. § 1442, it nevertheless qualifies as a person "acting under a federal officer." *See Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (holding that a deemed PHS employee's removal under 42 U.S.C. § 1442 was proper because he was "'acting under' a federal officer because he performed work that, absent the program in which he participated, the government would have had to perform itself; his work assisted the mission of the federal agency that oversaw his work; and he was subject to federal oversight and control.").

**C.    Federal Question Removal, 28 U.S.C. § 1331**

10. The Court also has jurisdiction under 28 U.S.C. § 1331. Federal courts have original jurisdiction where an action arises under federal law. 28 U.S.C. § 1331. This case raises a question of substantive federal law as a threshold matter—*i.e.*, whether the alleged acts or omissions in the State Court Action resulted from or arose out of La Clínica's "performance of medical, surgical,

dental or related functions" within the scope of its deemed PHS employment status and, in turn, whether the United States must be substituted as the only proper defendant. *See also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) ("Because a case […] raises [a] question[n] of substantive federal law at the very outset, it clearly 'arises under' federal law, as that term is used in Art. III")[1]; 28 U.S.C. § 1346(b)(1) (United States "district courts . . . have exclusive jurisdiction of civil actions on claims against the United States")

## STATUTORY FRAMEWORK

### A. Federal Immunity Under 42 U.S.C. § 233 *et. seq.*

#### 1. Deeming Status

11. In 1944, Congress enacted the PHS Act, codified at 42 U.S.C. § 201 *et seq*. By way of amendments to the PHS Act, community health centers that are "deemed" employees of the PHS, like La Clínica, are entitled to immunity for actions arising out of the performance of "medical, surgical, dental, or related functions" undertaken within the scope of employment. *See* 42 U.S.C. § 233(a).

12. In 1970, Congress enacted the "Emergency Health Personnel Act of 1970" which amended the PHS Act by adding 42 U.S.C. §§ 233 and 254b. Under Section 233(a), employees of the PHS may be deemed federal employees for the purposes of liability protections under the FTCA, for acts or omissions in the performance of "medical, surgical, dental, or related functions" while acting within the scope of such employment. *See* 42 U.S.C. § 233(a).

13. In 1992, Congress enacted the FSHCAA, which amended the PHS Act by "extend[ing] to certain entities and their employees that are "deemed" to be PHS employees the immunity provided by Section 233(a)." *C. K. v. United States*, No. 19-CV-2492 TWR (RBB), 2020 WL 6684921, at *3 (S.D. Cal. Nov. 12, 2020). Under the FSHCAA, health centers receiving federal funds under 42 U.S.C. § 254b are deemed PHS employees pursuant to an application and approval

---

[1] The Westfall Act is substantially similar to the PHS Act. *See Hui v. Castaneda*, 559 U.S. 799, 800 (2010) ("In amending the FTCA to make its remedy against the United States exclusive for most claims against Government employees for their official conduct, the Westfall Act essentially duplicated § 233(a)'s exclusivity language[.]").

process set forth in 42 U.S.C. § 233(g). "Congress intended for deemed PHS employees to receive protection 'in the same manner' as traditional PHS employees during the coverage period." *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1127 (9th Cir. 2023) (citing H.R. Rep. No. 104-398, at 4, and noting "[t]he legislative history is clear on this point."); *Agyin*, 986 F.3d at 177 (concluding deemed PHS defendant "received from the federal government a delegation of the same legal immunity that is extended to employees of the Public Health Service").

14. Specifically, "The FSHCAA authorizes the Secretary of the Department of Health and Human Services [("HHS")] to deem certain health centers that receive federal funds, and their employees, to be employees of the Public Health Service ('PHS') for the purposes of 42 U.S.C. § 233." *Huynh v. Sutter Health*, No. 2:20-CV-1757-MCE-CKD, 2021 WL 2268889, at *2 (E.D. Cal. June 3, 2021) (emphasis removed). Under § 233(a), the FTCA remedy applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . ." 42 U.S.C. § 233(a).

15. The immunity provided under 42 U.S.C. § 233(a) is absolute. *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.")).

16. "The FSHCAA sets out detailed rules and procedures for 'deeming' an entity (i.e., health center) or individual to be a PHS employee. . . . [H]ealth centers apply to HHS annually for themselves and their employees, and HHS determines whether they are deemed to be an employee of the PHS." *Huynh*, 2021 WL 2268889, at *2 (*citing* 42 U.S.C. §§ 233(g)(1)(D)–(E)). "HHS advises the applicant of its determination in a 'deeming notice.'" *Huynh*, 2021 WL 2268889, at *2. HHS-approved "deeming" status applies to the upcoming calendar year. *See Friedenberg*, 2018 WL 11352363, at *2 (*citing* 42 U.S.C. § 233(g)(1)(A), (E)) ("Upon approval of the required application, the Secretary of HHS 'deems' these entities and their employees to be employees of the PHS for the upcoming calendar year."). After HHS deems an entity or individual a Public Health Service employee, this determination "shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F).

17. On or about August 23, 2022, the HRSA issued a Deeming Notice confirming that La Clínica is deemed to be a PHS employee for purposes of the FTCA and FSHCAA for the period January 1, 2023 through December 31, 2023. *See* Ex. 2.

### 2. Removal

18. Within 15 days after being notified that a complaint has been filed in state court against a deemed entity, the Attorney General "shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 USC § 233(*l*)(1). In the event the Attorney General fails to appear in court within 15 days, "upon petition of any entity . . . named, the civil action or proceeding shall be removed to the appropriate United States district court." 42 USC § 233(*l*)(2); *Friedenberg*, 2018 WL 11352363, at *2 ("[I]f the Attorney General or her designee 'fails to appear in State court within [the 15-day] time period, the defendant[] may remove the case to the appropriate United States district court.").

19. Once the defendant removes the action, "[t]he civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination." 42 U.S.C. § 233 (l)(2).

20. Removal under Section 233(*l*) is not constrained by the usual 30-day time limit on removal, and may occur at any time prior to the trial of the action. *See Estate of Booker*, 10 F. Supp. 3d at 665 ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves."); 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial . . . .").

**B.     Federal Officer Removal Under 28 U.S.C. § 1442(a)(1)**

21.    Removal is also appropriate under 28 U.S.C. § 1442(a)(1). "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Perez v. Consol. Tribal Health Project, Inc.*, No. 12-5403-SC, 2013 WL 1191242, at *2 (N.D. Cal. Mar. 21, 2013). With respect to a "colorable" federal defense, "the removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense." *Kruse*, 2020 WL 3287883, at *3 (*citing Mesa v. California*, 489 U.S. 121, 129 (1989)).

**C.     Federal Question Removal Under 28 U.S.C. § 1331**

22.    As an additional basis, removal of this action is proper pursuant to 28 U.S.C. § 1331, because Plaintiff's allegations include a question arising under the "[c]onstitution, laws or treaties of the United States." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). ("[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'") (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

**FACTUAL AND LEGAL GROUNDS FOR REMOVAL**

**A.     La Clínica is Immune from Suit Under 42 U.S.C. 233 and Entitled to Removal**

23.    Under 42 U.S.C. § 233(a), immunity applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or *related functions* . . . ." 42 U.S.C. § 233(a) (emphasis added). Consistent with the foregoing, federal courts have long recognized that § 233(a) immunity "is not limited to claims for medical malpractice" and instead extends to claims which arise from functions "related" or "interwoven" to the provision of medical care. *Teresa T. v. Regaglia,* 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (holding a physician's duty to report suspected child abuse was "inextricably woven into his performance of medical functions"); *Houck v. United States,* 1:19-cv-2038, 2020 WL 7769772, at *2 (D.S.C. Dec. 30, 2020) (finding immunity under Section 233(a) for a health care center's review of

professional credentials and claims histories, particularly where the facility had knowledge of a doctor's elicit conduct with patients); *Brignac v. United States,* 239 F. Supp. 3d 1367, 1377 (N.D. Ga. 2017) (concluding that a "negligent hiring and retention claim is a 'related function' to the provision of medical services" because defendant medical care facility was required by the FSHCAA to vet physicians); *Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14-CV-05504-JST, 2015 WL 4967257, at *3 (N.D. Cal., Aug. 20, 2015) (holding that plaintiff's claims for assault, battery, and malpractice; violation of the Americans with Disabilities Act; the Civil Rights Act of 1964; and the Health Insurance Portability and Accountability Act of 1996 were covered by Section 233(a) immunity because the remedy against the United States provided thereby is "'exclusive of any other civil action or proceeding by reason of the same subject-matter' against the employee").

24. Further, immunity under the PHS Act is not just related to a caregiver's provision of medical care. *See Friedenberg*, 68 F.4th at 1129–30. In *Friedenberg*, a recent case involving a community health center's grant of immunity under Section 233(a), the Ninth Circuit rejected the proposition that Section 233 immunity applies only when the injury occurs "during the provision of medical treatment to a patient" because such a reading "ignores the statutory text" and "would unduly limit the immunity protection under § 233(a) and render meaningless the portion of the statute that covers 'related' medical functions." *Friedenberg*, 68 F.4th at 1129–30. Additionally, the United States District Court for the Southern District of California has held, "administrative or operational duties could qualify as related functions where they were connected to the provision of medical care." *C. K.*, 2020 WL 6684921, at *6.

25. The protection of patient privacy and the maintenance of patient confidentiality have long been woven into the provision of medical care by statute and longstanding practice. The statute which governs the federal health center program, and which renders health centers eligible for Section 233(a) immunity, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records[.]" 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C). This statutory requirement is reinforced by the health center program's implementing regulations, which provide, "[a]ll information as to personal facts and circumstances obtained by the [health center] project

staff about recipients of services shall be held confidential" and information that is divulged must contain "appropriate safeguards for confidentiality of patient records." 42 C.F.R. § 51c.110; *see also* 42 C.F.R. § 51c.303(b) ("A community health center supported under this subpart must . . . [i]mplement a system for maintaining the confidentiality of patient records in accordance with the requirements of § 51c.110 of subpart A.").

26. Consistent with the foregoing, numerous federal courts have determined that Section 233(a) immunity applies to alleged breaches of patient information at "deemed" health centers, such as those alleged here. *See Ford v. Sandhills Med. Found., Inc.*, No. 4:21-CV-02307-RBH, 2022 WL 1810614 (D.S.C. June 2, 2022), *appeal pending*, No. 22-2268 (4th Cir.); *Mixon v. CareSouth Carolina, Inc.*, No. 4:22-CV-00269-RBH, 2022 WL 1810615 (D.S.C. June 2, 2022); *Doe v. Neighborhood Healthcare*, No. 3:21-cv-01587-BEN-RBB, 2022 WL 17663520, at *6 (S.D. Cal. Sept. 8, 2022); *Krandle v. Refuah Health Ctr., Inc.*, No. 22-CV-4977 (KMK), 2023 WL 2662811 (S.D.N.Y. Mar. 28, 2023); *but see Hinds v. Cmty. Med. Centers, Inc.*, No. 2:22-CV-01207-JAM-AC, 2022 WL 17555525 (E.D. Cal. Dec. 9, 2022); *Marshall v. Lamoille Health Partners, Inc.*, No. 2:22-CV-166, 2023 WL 2931823 (D. Vt. Apr. 13, 2023), *appeal pending*, No. 23-800 (2nd Cir.).

27. Plaintiff's civil action here easily falls within the scope of Section 233(a) immunity. The gravamen of the complaint is that La Clínica failed to maintain and otherwise safeguard the confidentiality of PII and PHI in the course of rendering care, which resulted in personal harm. (Compl. ¶¶ 1, 13, 15.) Because the alleged conduct is a "medical ... or related function" within the meaning of § 233(a), La Clínica is immune from the resulting civil action.

28. Additionally, Plaintiff expressly claims that S.R. has suffered anxiety and emotional distress. (Compl. ¶ 110.) Emotional distress constitutes a "personal injury." *Taylor v. United States*, 485 U.S. 992 (1988) ("[Petitioner] brought suit against the Government under the Federal Tort Claims Act for personal injury as a result of negligence, and won a judgment of $500,000 for emotional distress and loss of consortium."). This is also the case under California law which would govern Plaintiff's FTCA claim under the circumstances here. *Thomas v. Hickman*, No. 1:06-CV-0215 AWI SMS, 2009 WL 1273190, at *19 (E.D. Cal. May 5, 2009) ("A cause[] of action for

intentional infliction of emotional distress is a type of personal injury claim[], and is thus subject to the two-year limitations period for personal injury claims set forth in California Civil Procedure Code § 335.1.")

29. Further, the Complaint alleges that La Clínica is a "'provider of healthcare, healthcare service plan or contractor' and is, therefore, subject to the CMIA, California Civil Code §§ 56.10(a), (d), (e), 56.36(b), 56.101(a) and (b)." (Compl. ¶ 127.) California courts have made clear that the alleged failure of a healthcare provider to maintain the confidentiality of medical records in violation of § 56.10 of the CMIA – the precise claim asserted here – constitutes a claim for professional negligence under California law. *See, e.g., Francies v. Kapla*, 127 Cal. App. 4th 1381, 1386, n. 11, (2005), *as modified* (Apr. 8, 2005) (holding that claim for unauthorized disclosure of medical records in violation of CMIA is subject to cap on noneconomic damages under Medical Injury Compensation Reform Act); Cal. Civ. Code, § 3333.2 (MICRA applies to "any action for injury against a health care provider or health care institution based on professional negligence."). Because the Complaint alleges that La Clínica negligently stored and/or shared Plaintiff's medical information, acquired in the course of the provider/patient relationship and in connection with the provision of healthcare services, in violation of § 56.10 and § 56.101 of the CMIA, the claims asserted against La Clínica fall squarely within the purview of § 233(a).

**B.     La Clínica is Entitled to Federal Officer Removal Under 28 U.S.C. § 1442(a)(1)**

30. In the instant matter, the three requirements for Federal Officer Removal under 42 U.S.C. § 1442 are met. *See Perez*, 2013 WL 1191242, at *2. First, as a community health center, La Clínica is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992) (determining that a corporation acting under a federal officer can qualify as a "person" under § 1442(a)(1)).

31. Second, there is a causal nexus between La Clínica's actions taken pursuant to a federal officer's directions and plaintiff's claims. Plaintiff alleges that, in violation of California state law, La Clínica failed to ensure the confidentiality of S.R.'s records—records that relate to and document the services S.R. received from La Clínica. (Compl. ¶ 13.) "The FSHCAA was enacted in 1992 to reduce costs for health centers serving medically underserved populations."

*Huynh v. Sutter Health*, No. 2:20-CV-1757-MCE-CKD, 2021 WL 2268889, at *2 n. 4 (E.D. Cal. June 3, 2021). The HHS grant was issued to La Clínica to support the provision of general health services, such as medical, dental, and behavioral health services to underserved communities, such as those allegedly provided to Plaintiff here. *See* Ex. 2. As previously mentioned, the health center program's implementing regulations require health centers like La Clínica to maintain "appropriate safeguards for confidentiality of patient records." 42 C.F.R. § 51c.110.

32. Third, La Clínica asserts a "colorable federal defense" through, as set forth above, its assertion of Section 233(a) immunity. *See e.g., Fung*, 816 F. Supp. at 572 (determining defendant "satisfied the final requirement of removal under § 1442(a)(1) by asserting the government contractor immunity as a colorable federal defense").

### C. La Clínica is Entitled to Removal Under 28 U.S.C. § 1331 Because Plaintiff's Right to Relief Depends on a Substantial Question of Federal Law

33. Even where a complaint arguably sets forth only state law causes of action, a case may nevertheless arise under federal law where the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). In this case, Plaintiff's theory of the case requires interpretation of a federal statute – 42 U.S.C. § 233.

### TIMELINESS OF REMOVAL

34. This action has not previously been removed to federal court.

35. La Clínica notified HHS of the State Court Action. On October 25, 2023, La Clínica's counsel provided a copy of the served summons and complaint as required under HHS regulations and consistent with the HHS guidance. A copy of the October 25, 2023 communications are attached as **Exhibit 3**. On the same date, counsel for La Clínica also mailed the U.S. Attorney General for the Northern District of California and the Department of Justice a courtesy copy of the served summons and complaint.[2] Copies are attached as **Exhibits 4** and **5**, respectively.

---

[2] As previously mentioned, the burden is on HHS to notify the appropriate parties. *See* 28 C.F.R. § 15.2.

36. On November 9, 2023, the Assistant U.S. Attorney for the Northern District of California, Molly A. Friend, emailed counsel for La Clínica a Notice of the United States Under 42 U.S.C. § 233(*l*)(1) ("Notice") which was allegedly filed on October 30, 2023. A copy of the notice (which notably does not bear a file-stamp from the State Court) is attached as **Exhibit 6**. In the notice, the Assistant U.S. Attorney states that "the United States is appearing for the limited purpose of notifying the Court as to whether the Secretary of HHS has advised that Clinica de la Raza, Inc. has been 'deemed' to be an 'employee of the Public Health Service' with respect to the actions or omissions that are the subject of this civil action." (Ex. 6 ¶ 2.) She further states that the HHS has not yet provided its report as to whether La Clínica's deemed status extends to the acts or omissions that are the subject of this lawsuit. (*Id*. ¶ 3.) In conclusion, the Assistant U.S. Attorney provides, "[i]f the above-named defendant is so determined to have been deemed an employee of the Public Health Service for purposes of the acts or omissions giving rise to this suit, and that it was acting within the scope of its deemed employment, it is anticipated that this action will be removed to federal court pursuant to 28 U.S.C. § 233(c)." (*Id*. ¶ 4.)

37. Given the uncertainty surrounding whether the Notice was filed, La Clínica now removes this action to this Court pursuant to 42 U.S.C. § 233(*l*)(2). Further, even if the Attorney General timely appeared within the applicable 15-day allowance, La Clínica is still entitled to preservation of its right to removal under 42 U.S.C. § 233(*l*)(1). In the Notice, the Assistant U.S. Attorney even notes that this action "will be removed to federal court pursuant to 28 U.S.C. § 233(c)" if La Clínica is determined to have been deemed an employee of the Public Health Service for purposes of the acts or omissions giving rise to this suit. (Ex. 6 ¶ 4.)

38. Additionally, La Clínica was served with this lawsuit on October 12, 2023. This Notice of Removal is therefore timely filed within 30 days of service under 28 U.S.C. § 1446(b)(1).

### NOTICE TO PLAINTIFF

39. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed in the Superior Court of the State of California, County of Alameda, and served upon Plaintiff.

### NOTICE TO HHS, DOJ, and U.S. Attorney

40. As a courtesy, a copy of this Notice of Removal will be provided to HHS, the

Department of Justice, and the U.S. Attorney General for the Northern District of California.

## CONCLUSION

For the forgoing reasons, La Clínica hereby removes the State Court Action now pending before the Superior Court of the State of California, County of Alameda, to the United States District Court for Northern District of California.

Dated: November 10, 2023                    POLSINELLI LLP

By:      /s/ *Tish R. Pickett*
         TISH R. PICKETT (SBN: 331089)
         tpickett@polsinelli.com
         2049 Century Park East, Suite 2900
         Los Angeles, California 90067
         Telephone: (310) 556-1801
         Facsimile: (310) 556-1802

         MARK A. OLTHOFF (MO: 38572)
         (*Pro Hac Vice Forthcoming*)
         molthoff@polsinelli.com
         900 W. 48th Place Suite 900
         Kansas City, MO 64112
         Telephone: (816) 753-1000
         Facsimile: (816) 753-1536

         SHUNDRA C. MANNING (TN: 036776)
         (*Pro Hac Vice Forthcoming*)
         scmanning@polsinelli.com
         501 Commerce Street, Suite 1300
         Nashville, TN 37203
         Telephone: (615) 259-1510
         Facsimile: (615) 658-9647

         *Attorneys for Defendant*
         *La Clínica de La Raza, Inc.*